UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| VASYL CHUBIRKO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:26-cv-00122-JAW |
| | ) | |
| UPPER CHICHESTER TOWNSHIP | ) | |
| POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, a Ukrainian asylum seeker, alleges that various police departments and medical providers across several states failed to respond properly to his reports of criminal activity, including stalking and other threatening behavior. (Complaint, ECF No. 1.) With his complaint, Plaintiff filed an application to proceed without prepayment of fees, (Application, ECF No. 3), which application the Court granted. (Order, ECF No. 6.) In accordance with the statute governing actions filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, for the reasons explained below, I recommend the Court dismiss the matter.

### FACTUAL ALLEGATIONS

Plaintiff was born in Ukraine and worked in the construction industry for approximately twenty years. Plaintiff alleges that in 2020, he began receiving threats and attempts were made on his life. Plaintiff moved to Florida in September 2023, to

Pennsylvania in January 2024, to Iowa in October 2024, and to Maine in December 2025. Plaintiff believes that various unknown individuals across at least seven states in different regions of the country have placed trackers on his vehicles, sabotaged his vehicles, broken into and hidden surveillance equipment in his residences, damaged other property, and poisoned him. Plaintiff contends that various law enforcement officers and medical providers failed to respond appropriately to his reports.

Plaintiff did not identify the legal basis for his claims, but he seeks criminal charges, a protection from abuse order, additional medical tests, and an order to a federal agency (United States Citizenship and Immigration Services (hereinafter USCIS)) to approve an immigration-related request that he filed previously.

### LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640

F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Solutions*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

### DISCUSSION

Most of the factual allegations in Plaintiff's filings involve individuals and conduct in other states before he moved to Maine.  Plaintiff's filings, therefore, raise certain jurisdictional concerns.

Plaintiff offers no explanation or argument to suggest this Court would have jurisdiction over the out-of-state actors and the subject matter of any claims arising from the out-of-state conduct, nor has he demonstrated that venue in the District of Maine would be proper.  For personal jurisdiction, the requirements of due process can be satisfied based on voluntary consent or submission to the forum court's authority, based on physical presence in the forum state, or based on the absent defendant's contacts with the forum. *Burnham v. Superior Court of California, County of Marin*, 495 U.S. 604, 610, 617–19 (1990) (discussing continued vitality of the historical presence and consent tests after the advent of the modern doctrine of *International Shoe Co. v. State of Washington, Office of*

*Unemployment Compensation & Placement*, 326 U.S. 310 (1945)). "Where the defense of improper venue is obvious from the face of the complaint and no further factual record is required to be developed, the court may, sua sponte, dismiss the case." *Hart v. United States Department of Treasury*, No. 14-CV-421-LM, 2016 WL 825379, at *2 (D. N.H. Jan. 1, 2016) (citations and quotation marks omitted); 28 U.S.C. § 1391(b).

For the actors and alleged conduct in Maine after Plaintiff moved to Maine in December 2025, Plaintiff has failed to state a plausible claim. For instance, if Plaintiff intended to assert a 42 U.S.C. § 1983 claim based on alleged violations of his federal rights, the claims against the private medical providers fail because, as the plain language of § 1983 reflects, a claim for the deprivation of a constitutional right must be based on the conduct of a state actor. *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 4 (1st Cir. 2005).

Although Plaintiff named as defendants a Maine police officer and a police department, which are state actors, the claims against them fail because there is no constitutional right to governmental aid or protection against invasion by private actors. *See DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 195–96 (1989). Further, even if Plaintiff had named the individuals who allegedly committed the underlying criminal acts against him, the Court lacks the power to bring criminal charges or to order prosecutors to do so. *See United States v. Nixon*, 418 U.S. 683, 693 (1974).[1]

---

[1] Plaintiff has also failed to cite any legal authority or facts that would support his request for this Court to issue a protection from abuse order.

4

Finally, Plaintiff asks this Court to order USCIS to approve his employment authorization request, but he has not alleged sufficient facts to state a plausible claim. Plaintiff has not provided enough information regarding his application and the related process to demonstrate a potential basis for the Court to conclude that the alleged delay would support an actionable claim. *See Kinuthia v. Biden*, No. CV 21-11684-NMG, 2022 WL 17653503, at *4 (D. Mass. Nov. 9, 2022) (noting that Congress provided only guidelines and "no legislative mandate that USCIS process applications to renew [employment authorization documents] filed by non-citizens granted withholding of removal within a particular timeframe" and delays of many months have been upheld under the reasonable time requirement of the Administrative Procedures Act); *A.Z. v. Nielson*, No. CV 18-10511-PBS, 2018 WL 5269990, at *2 (D. Mass. Oct. 23, 2018) (noting that some kinds of delays are proper, including anything requested or caused by the applicant).

### CONCLUSION

After a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, for the reasons explained herein, I conclude that Plaintiff has not alleged sufficient facts to support an actionable claim within this Court's jurisdiction. Accordingly, I recommend the Court dismiss the matter.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of April, 2026.

6